### ROWLAND v. ROWLAND.

1. Testator declared as follows: "My will is that at my death, I direct that all my just debts and funeral expenses be paid out of my personal estate, then all the balance of my estate, real and personal, I direct be and remain in the possession of my wife and children for their support and the education of my children; and as my children shall arrive of age or marry, I desire that my wife shall advance to such child or children such an amount, either in property or money, as she deems prudent, but not exceed a distributive share of my estate, as it is my intention for my said wife to keep as much of my estate as will make her

comfortable during her widowhood, but should she marry again, then she is to have no part of my estate. In the event of her marriage or death, I then direct that my estate, real and personal, shall be sold by my executor and equally divided amongst my children." *Held*, that there was imposed upon this property in favor of the children no trusts which the court could enforce during the widowhood of their mother, but only recommendations left wholly to the widow's discretion. Therefore a son, coming of age, could not invoke the aid of equity in his behalf to carry out the alleged trusts.

2. The widow was life tenant and also administratrix of the estate. *Held*, that after the lapse of twenty-four years, and no unpaid debts of testator being alleged, her holding would be regarded as that of life tenant, and she should not be called upon to account as administratrix.

Before NORTON, J., Laurens, September, 1887.

This was an action by Robert E. Rowland against Eliz. L. Rowland, in her own right and as administratrix, and others, commenced June 2, 1887. The opinion states the case.

*Mr. W. H. Martin*, for appellant.

*Messrs. Ferguson & Featherston*, contra.

June 26, 1888. The opinion of the court was delivered by

MR. JUSTICE McIVER. As this appeal questions the correctness of an order sustaining a demurrer upon the ground that the complaint does not state facts sufficient to constitute a cause of action, it will be necessary to make a brief statement of the allegations contained in the complaint. These allegations are substantially as follows:

1. That Joseph J. Rowland departed this life (at what particular time is not stated), leaving a will bearing date the 21st day of November, 1857, a copy of which is exhibited as part of the complaint, whereby he appointed the plaintiff, his son, executor when he attained the age of twenty-one years, and the defendant, Elizabeth L. Rowland, executrix during the minority of his said son.

2. That the will was duly admitted to probate on the 13th of February, 1863, and the said Elizabeth duly qualified as executrix

as aforesaid, and continued in the discharge of her duties as such until the son named as executor attained his majority.

3. That on the 18th of September, 1866, after the plaintiff attained his majority, he renounced the trusts conferred upon him by the will, and on the same day the defendant Elizabeth applied for letters of administration *de bonis non*, with the will annexed.

4. That on the 4th of October, 1871, such letters of administration were duly granted to said Elizabeth, and on the same day she executed her bond for the faithful discharge of her trust, with the defendant, R. N. S. Young, and one William Blakeley, as sureties thereto, and continued the execution of the trusts entered upon by her under said will.

5. That the testator, at the time of his death, was seized and possessed of personal property, exclusive of slaves, valued at about ten thousand dollars, and real estate valued at nearly five thousand dollars.

6. That he left as his heirs at law, distributees, devisees, and legatees, his widow, the defendant Elizabeth, and his three children, the plaintiff, Robert E., the defendant, Ludy T., and Sarah E., who subsequently intermarried with one Shockley, and died leaving five children, the other defendants in this case, all of whom are minors.

7. That the defendant Elizabeth "has exercised full and absolute control over the property aforesaid, both real and personal, since the death of her husband, the said Joseph J. Rowland, and refuses to allow the plaintiff and the defendant, Ludy T. Rowland, to enjoy the use, possession, or occupation of any part thereof with her, either jointly or severally, and refuses to advance to them, or any of said children, any part thereof, notwithstanding the interests and rents and profits of the same, if properly managed, would have far exceeded an amount sufficient to support and maintain her according to her rank and position in life, and that no part thereof has been used or expended in the education and maintenance of said children, or advanced to them, although they have attained their majority and married."

8. That although the testator left no debts of any consequence, the whole of his personal estate has been consumed or disposed of by the defendant Elizabeth, and the real estate very much

depreciated in value by reason of waste, both voluntary and per-
missive, committed by her, and she has no visible effects what-
soever.

9. That the defendants, Ludy T. Rowland and the children of
the deceased daughter, Sarah E., have been made defendants
herein, because their consent to become plaintiffs could not be
obtained.

Wherefore the plaintiff demanded judgment that the defend-
ant Elizabeth should account for the personal estate and the rents
and profits of the real estate of the testator, and that judgment
be entered against her and the defendant Young for the amount
found due on such accounting; next, for a partition of the real
estate of the testator; and if such accounting and partition can-
not be had, then that a trustee or receiver be appointed to take
charge of the estate, and out of the rents and profits of the same
pay to the said Elizabeth during her life an amount to be ascer-
tained by the court as suitable to her degree, and divide the bal-
ance amongst the parties in interest, and at the death of said
Elizabeth turn over the *corpus* of the estate to the parties in
interest according to their respective rights.

The terms of the will referred to in the complaint, so far as
necessary for a proper understanding of the questions raised, are
as follows: "I direct that all my just debts and funeral expenses
be paid out of my personal estate; then all the balance of my
estate, real and personal, I direct be and remain in the posses-
sion of my wife and children for their support and the education
of my children; and as my children shall arrive of age or marry,
I desire that my wife shall advance to such child or children such
an amount, either in property or money, as she deems prudent,
but not exceeding a distributive share of my estate, as it is my
intention for my said wife to keep as much of my estate as will
make her comfortable during her widowhood, but should she
marry again, then she is to have no part of my estate. In the
event of her marriage or death, I then direct that my estate, real
and personal, shall be sold by my executor and equally divided
amonst my children." Then follows a provision settling the
share of his daughter, Sarah E., on her for life, with remainder

to her children, and the appointment of executors as hereinbefore stated.

The defendants, Elizabeth L. Rowland and R. N. S. Young, filed a demurrer to the complaint, on the ground that several causes of action have been improperly united; and at the hearing these same defendants, but whether jointly or severally does not appear, interposed an oral demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action. The Circuit Judge made no ruling or order as to the written demurrer for misjoinder of causes of action, and as no exception has been taken to his failure to do so, that matter is not before us and will not, therefore, be considered. He, however, sustained the oral demurrer as to the defendant Young, but overruled it as to the defendant Elizabeth, holding that although the complaint stated no cause of action against her as to her administration of the estate of the testator, or as to the partition of the real estate, yet it did state a cause of action against her as life tenant for waste, and he therefore overruled the oral demurrer as to her, with leave to her to answer over on payment of the costs of the demurrer.

From this judgment plaintiff appeals upon the following grounds substantially : 1st. That the facts stated in the complaint were sufficient to constitute a cause of action for an accounting as to the personalty and a partition of the realty. 2nd. That they were sufficient to require the appointment of a receiver or trustee as to both realty and personalty.

The solution of the questions presented by this appeal depends largely upon the proper construction of the terms of the will as to the nature of the estate given to the widow. The Circuit Judge held that she took a life estate, unencumbered with any trust, and that the disposition of the estate during her life or widowhood was left entirely to her discretion. Although the terms of the will are somewhat obscure and difficult of construction, we are inclined to agree with the view taken by the Circuit Judge. Reading the will as a whole, it is quite certain that the testator intended as ample and comfortable a provision for his wife as the amount of the estate would afford, and it is equally certain that such provision was limited to her life or widowhood,

for upon the happening of either of those events he directs absolutely that the estate shall be equally divided amongst his children. The difficulty, however, is to determine whether the life estate thus given to the widow was to be used or disposed of at her discretion, or whether it was encumbered with a trust for the support and education of the children during their minority, and to advance to each child as he attained his majority or married, a certain portion of the estate. There are certainly no such trusts expressly raised in such a way as a court could be called upon to enforce them, and, on the contrary, the language used—"such an amount, either in property or money, *as she deems prudent"*—would rather seem to indicate that no *legal* duty was intended to be imposed, but that the testator left that matter entirely to the discretion of his wife.

Again, it will be observed that the testator, in the first disposition he makes of his estate, uses the mandatory word "direct," but when he speaks of the provision which his wife may make for the benefit of his children, he uses the precatory word "desire," and then when in the latter part of the clause he comes to speak of what is to be done with his estate at the death or marriage of his widow, he again uses the mandatory word "direct." It is quite true that precatory words may sometimes be sufficient to raise a trust, and some of the earlier decisions went very far in this direction, but, as said by Mr. Justice Story (2 *Eq. Jur.*, § 1069), the inclination of the courts in more modern times "is not to extend the doctrine of recommendatory trusts." And the rule is that precatory trusts or recommendatory words imply discretion, and must be so construed unless a different sense is irresistibly forced upon them by the context. See, also, what is said by the same eminent writer in sections 1070 and 1073, as to the necessity for certainty and definiteness in the property to which such a trust is claimed to be attached. To same effect, see 1 *Jarm. on Wills*, 329, 338.

These views have been fully recognized in this State in the case of *Lesesne* v. *Witte* (5 S. C., 450), where it is said: "Though the language used may convey the wish or desire of the testator as to the use of the property devised, if it does not impose an obligation which can be enforced in a Court of Equity,

it cannot be held to control or qualify the absolute interest which is conferred by the previous disposition. Where an absolute right is given, words which are to annex a limitation to its free and uncontrollable exercise, must not only be mandatory, but in themselves show the manner in which they are to operate, so that the purpose of the testator may clearly appear how or in what degree he intended to affect the original gift by restrictions entirely inconsistent with its independent enjoyment.'' And again in the same case: ''The vagueness in the direction as to the proportions which the supposed beneficiaries shall enjoy, where the benefit may be claimed by more than one, and the want of description of the manner in which the trust is to be executed, may well be urged against its existence.''

Looking at this case in the light of these authorities, it seems to us that no trust was created in favor of the children, but that the testator relied solely on the discretion of his wife in making suitable provision for his children during her life. We do not see how it can be said that the terms of the will impose upon the wife ''an obligation which can be enforced in a Court of Equity.'' The plaintiff seems to be the only one of the children who is complaining, and as he has attained his majority and left the paternal homestead, he can only claim that his mother shall advance him a portion of his distributive share; but what shall be the amount of such advance? The will declares that it shall be such ''as she deems prudent,'' and if a Court of Equity were to undertake to fix the amount, that would be making a new will for the testator, and substituting the opinion of the court for that of the wife to whose discretion the testator saw fit to leave it.

We agree, therefore, with the Circuit Judge that the widow took a life estate unencumbered with any trust enforcible in a Court of Equity. Being life tenant, after this lapse of time, and in the absence of any pretence that there are any outstanding debts due by the testator, she must be regarded as holding the property as life tenant and not as administratrix, and hence she cannot be called on to account in the latter capacity.

No question was raised as to the effect of a joint demurrer, and, indeed, as we have said, it does not appear whether the

oral demurrer was joint or several, and therefore we make no ruling as to that matter.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.